## GILDERSLEEVE *vs.* CARAWAY, use, &c.

1. A judgment final against a garnishee who has not answered, and against whom no judgment *nisi* has previously been taken, though irregular and erroneous, is not void, and is admissible evidence for the garnishee in a subsequent action against him instituted in the name of the defendant in attachment for the use of a third person to whom the debt was assigned after the rendition of the judgment.

2. When suit is brought on a promissory note, in the name of the payee for the use of his assignee against the maker, the latter cannot defend himself by showing that before the assignment of the note sued on, he was surety for the payee on a note to the Bank, that the payee became and continued to be insolvent, and that afterwards on account of the payee's insolvency, he had been compelled to pay the Bank debt, unless he also shows that such payment was made before the transfer of the note sued on, and notice thereof.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

JOHN A. CAMPBELL, for plaintiff in error :

The plaintiff contends there was error in the court below in excluding the judgments in the County Court. Those judgments it is admitted were irregular, but there is no foundation for the argument that they were void. The court had jurisdiction of the garnishee by the summons of the garnishment, and no judgment against him could be resisted as a nullity.

The irregularity of the proceedings was a matter of no consequence, except to garnishee.—Tubb v. Morring, Minor's R. 129; Parmer v. Ballard, 3 Stew. 326; 6 Ala. R. 296; 10 Ala. R. 298.

It may be admitted that if the debt had been transferred to the *cestui que use*, before the attachment of Robertson, Beal & Co., the judgment would be no protection, whether mentioned in the answer or otherwise, according to the case of Rich v. Colvin, 3 Port. 375. But no such fact appears in this case. The judgment offered was rendered in 1839; and the suit of the plaintiff was commenced in 1842. The foundation of the defendant's argument on this point is not in the record. The judgments were admissible, because pertinent to the issue, but the defendant explained that they were to be used in connection with other evidence which would establish a defence.—8 Port. 70; 3 Ala. R. 16.

The plaintiff (Gildersleeve) was entitled to indemnity from Caraway on his contract as surety for him to the bank.—Chitty on Bills, 347; Pitman Prin. & Surety, 125.

The failure of Caraway to pay the demand of the bank was a breach of the contract of indemnity, for which Gildersleeve would be entitled to recover damages. The payment of the debt to the bank ascertained the damages. The defence is allowable. 8 Ala. 206; 1 McMullen, 431.

Wm. G. Jones, *contra*:

1. The first point is in the exclusion by the court below of the records of certain judgments against the defendant as garnishee, which he offered in evidence in this case. The judgments were rendered against the defendant as garnishee, without his having answered, and without any judgment *nisi* having been rendered against him. Judgment final and absolute was rendered in the first instance, without answer or judgment *nisi*. This was undoubtedly erroneous, and the judgments might have been reversed on error. This the garnishee ought to have done. He is bound to see that the judgment is in all respects regular and valid. If he pays a judgment that is not valid, it affords no protection to him against a *bona fide* holder of the note under which his indebtedness arose.—Colvin v. Rich, 3 Por. 175; Crayton v. Clark, 11 Ala. 790; Stockton v. Hall, Hardin's R.

160–163; Lamkin, Adm'r. v. Phillips, 9 Por. 98–103; Fortune v. The State Bank, 4 Ala. 388; (in which last case it is said that it is considered indispensable to the safety of the garnishee, that he should sue out a writ of error to reverse an erroneous judgment against him;) Randolph v. Peck, 4 Ala. 389, in which a judgment rendered against a garnishee on the third day is spoken of as void; Jones & Cole v. Field, 5 Ala. 484. That a previous judgment *nisi* was necessary, see Lamkin, Adm'r. v. Phillips, 9 Port. 98; Lowry v. Clements, 9 Ala. 422.

2. The rights and interests of the assignee of a chose in action, and the beneficiary party in a suit at law, will be noticed, and protected by a court of law.—Lamkin v. Phillips, 9 Port. 98; Chisholm, use, &c. v. Newton & Wiley, 1 Ala. 371; Head, use, &c. v. Shaver, 9 Ala. 791.

3. The only remaining question is the supposed right of Gildersleeve to defeat this action for the use of Rhodes, on the ground of his being under a liability for Caraway to the Bank, incurred prior to the transfer of the note by Caraway to Rhodes. This cannot be maintained as an offset. If it can be maintained at all, which is not admitted, it can only be in a court of equity. This was so expressly decided in the Tuscumbia and Decatur Rail Road Company v. Rhodes, 8 Ala. 206; Cox v. Cooper, 3 ib. 256.

It will be observed that there was no plea of offset. The only plea was non-assumpsit.

PARSONS, J.—The judgment against Gildersleeve as garnishee, in the suit of Robertson, Beal & Co. v. Caraway, was final in the first instance, and without his answer. It was consequently erroneous, because, in such cases, the statute requires a conditional judgment in the first instance, and a *scire facias* to show cause. It appears by the judgment entry against Gildersleeve, that he had been summoned as a garnishee, and the judgment was final and absolute. Having been summoned, he was subject to the jurisdiction of the court, and we think the judgment against him, although erroneous, was not void. The judgment was rendered in the County Court of Mobile, in June, 1839. Caraway afterwards brought this suit, to the use of Rhodes, against Gildersleeve, to recover the same debt for a part of which the recovery had been had against him as Cara-

way's debtor, in the garnishment proceedings. The present suit was not brought until April, 1842. On the trial, Gildersleeve, to prove payment of a portion of the demand sued-for, offered the minutes of the judgment of Robertson, Beal & Co. against Caraway, and of the judgment of the same plaintiffs against himself, as garnishee, in the same suit, which last, as already mentioned, was an absolute and final judgment, and proved that the original papers in the cases were lost or mislaid, and could not be shown, informing the court at the same time that he would also prove payment of the money specified in the judgment against himself as garnishee. The plaintiff objected to the introduction of the judgments, because the one against the defendant as garnishee was final in the first instance, and rendered without answer. The objection was sustained by the court, and the defendant excepted. The question is whether or not there was error in excluding the judgment against the garnishee, because it was irregularly taken. If the note upon which this suit is brought and which was made by Gildersleeve, and payable to Caraway, was, in fact, transferred to Rhodes before the judgment against Gildersleeve as garnishee, and if he had notice of the transfer, he should have answered and stated those facts at his peril; and in that case it would have beeen necessary for him to use all legal means to prevent or to reverse an irregular judgment against him.—Colvin v. Rich, 3 Por. R. 175; Foster v. White, 9 ib. 224. This would be required of him in order to protect the rights of the real party in interest, who was not before the court.

It was determined in Johns & Cole v. Field, 5 Ala. 484, that a garnishee cannot plead in bar of a recovery in a suit brought against him by the assignee of a note, that judgment *nisi* has been rendered against him as the debtor of the payee, and that he has paid the same, there not appearing to have been any *sci. fa.* issued or served on him, nor any final judgment against him. For this the court reasoned thus : "It cannot be pretended that this judgment was conclusive, that any action could have been sustained upon it against the garnishee, or that any execution could have issued under it against him." This reasoning marks the distinction between that case and this. The judgment in the present case was conclusive until reversed, and it would support an action upon it, or authorize an execution. All that can

17

be said is, that it was erroneous or irregular. But of this Rhodes had no cause of complaint, because it does not appear that there was any transfer of the note to him until a long time afterwards. The only evidence of his interest in the note is, that the present suit was brought to his use. It was not brought until April, 1842, but the judgment against Gildersleeve as garnishee, was in June, 1839. Therefore, as Rhodes was not injured by the irregular judgment, he cannot complain, and as it was relevant evidence, there was error in rejecting it.

2. The next exception cannot be sustained. The point excepted to was this, that Gildersleeve was surety of Caraway in two notes that were given by them to the Branch Bank at Mobile, before the assignment of the note sued on in this action, Caraway afterwards, to wit, in 1838, and thenceforth, being insolvent ; that Gildersleeve was sued on, and paid these notes pending the suit ; that he claimed to hold the debt sued on in this action, as indemnity for that liability, until otherwise indemnified. This was excluded by the court, to which the defendant excepted. It is consistent with the bill of exceptions to suppose that the two notes were paid, not only after this suit was brought, but after the transfer of the note now sued on and notice. Hence, such payment is not a defence in this action, whatever might be its effect in equity.—See the Tuscumbia and Decatur Rail Road Company v. Rhodes, 8 Ala. 206; Cox v. Cooper, 3 Ala. 256.

The judgment is reversed for the error first excepted to, and the cause remanded.

DARGAN, C. J., not sitting.