# CHARLESTON.

### HUNT *v.* DIBACCO *et al.*

Submitted February 9, 1910. Decided May 16, 1910.

1. ASSAULT AND BATTERY—*Actions—Pleading—Allegations of Time.*
    A declaration in trespass for assault and battery need not allege the exact time when the trespass was committed. (p. 451).

2. SAME—*Pleading—General Issue—Admissibility of Evidence—Matters in Excuse or Justification.*
    In an action for damages for assault and battery, matters in excuse, or justification, are not admissible under the general issue, but must be specially pleaded. (p. 452).

3. PLEADING—*General Replication.*
    A general replication traverses all the matters of defense alleged in a plea of confession and avoidance. Plaintiff need not reply specially unless he cannot deny all the averments of the plea and wishes to admit the truth of some of them and to avoid the effect of his admission. (p. 451).

4 SAME—*Duplicity—Abolishment.*
    By virtue of statute in this state a defendant can plead sev-

eral matters of defense, whether of law or fact, in the same plea. The common law objection for duplicity is thereby abolished. (p. 451).

5.  TRESPASS—*Actions—Persons Liable—Joint and Several Liability.*
Joint trespassers may be sued either jointly or severally. (p. 451).

6.  SAME—*Persons Liable—"Aider and Abettor."*
Any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks or signs, or who in any way or by any means countenances and approves the same, is in law deemed to be an aider and abettor, and liable as principal, and proof that a person is present at the commission of a trespass without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance, and approved it, and was thereby aiding and abetting the same. (p. 455).

7.  SAME—*Appeal and Error—Review—Excessiveness of Damages —Primitive Damages—Wanton and Willful Trespass.*
For a wanton and willful trespass the jury have the discre-tion to award exemplary damages; and, in a case where they may properly assess such damages, the court will not set aside their verdict for excessiveness, unless the amount is so great as to evince passion, prejudice, partiality or corruption. (p. 456).

Error to Circuit Court, Tucker County.

Action by Daniel Hunt against Joe DiBacco and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Chas. D. Smith* and *D. E. Cuppett,* for plaintiffs in error.

*Cunningham & Stallings* and *J. P. Scott,* for defendant in error.

WILLIAMS, PRESIDENT:

Joe DiBacco and Vincent DiBacco were granted a writ of error to a judgment of the circuit court of Tucker county against them, for $1,579.00 in favor of plaintiff in an action of trespass for an assault and battery. A demurrer to the declaration was overruled, and the defendants plead the general issue, and also filed two special pleas. Plaintiff replied gener-ally to all of said pleas; issue was thereon joined, and the jury found for the plaintiff the above named sum.

The first error assigned relates to the overruling of the demurrer. The demurrer was in writing and the grounds assigned are: (1) That the place of plaintiff's injury is not set out; (2) That the time of the injury is not sufficiently averred; and (3) That the declaration charges a joint tort in one count.

The demurrer was properly overruled. The declaration sufficiently alleges that the trespass was committed in Tucker county. In the caption of the declaration the court is styled as follows: "State of West Virginia, County of Tucker, to-wit: In the Circuit Court of said County;" and in the body of the declaration it is alleged "that the defendants did, on the —— day of October, 1908, with force and arms, assault the plaintiff at the county aforesaid" etc. The words "the county aforesaid" refer to Tucker county, the county named in the caption. But we do not mean to intimate that such an averment is essential to show jurisdiction; we are inclined to think it is not. The action is transitory, and may be brought in the county of defendant's residence. *Payne* v. *Britton's Exor.,* 6 Rand. 101; *Shaver* v. *White,* 6. Munf. 110. Moreover, no want of jurisdiction appearing upon the face of the declaration, it could not be raised by demurrer. There was no plea in abatement.

It was not necessary to allege the day on which the trespass occurred; its nature was such that defendants could not have been surprised by failure to allege the time; nor is the exact time an indispensable allegation. *Tabb* v. *Gregory,* 4. Call. 225; *Shaver* v. *White,* 6 Munf. 110; *Brown* v. *Point Pleasant,* 36 W. Va. 290.

As to the third ground of demurrer: It is universal law that joint tort feasors may be sued either jointly or severally. *Day* v. *Coal Co.,* 60 W. Va. 27; *Shaver* v. *Edgell,* 48 W. Va. 503; *Riverside Cotton Mills Co.* v. *Lanier,* 102 Va. 148.

Defendants moved for judgment of *non prosequitur,* and the motion was overruled; and this action of the court is assigned as error. A judgment by *non prosequitur* can be had only where plaintiff, at some stage of the action, after his appearance and before judgment, abandons and fails to prosecute his suit. 4 Min. Inst. (3rd ed.) 957; *Buena Vista Free Stone Co.* v *Parrish,* 34 W. Va. 652. Counsel insist that plaintiff's failure to reply specially to defendants' two special pleas was an admission of the truth of the allegations therein contained, and amounted to an abandonment of his action. But special replica-

tions were not necessary in order to put the matters in issue. They were replied to generally; this was a general traverse, and it put in issue all the facts alleged in the pleas. Plaintiff need reply specially only in case he cannot traverse all the allegations of the plea; as for example, if plaintiff had, in fact, assaulted and beat Vincent DiBacco, and had wished to justify his act, he should have replied specially. 1 Chitty 592, (11th ed.). But plaintiff does not admit having struck the first blow, and, therefore, it was proper to reply generally. Hogg's Pl. & Forms, sec. 283.

Plaintiff's counsel insist that the special pleas were improperly admitted, because, as they claim, the matters therein alleged are properly provable under the general issue. This is not correct; matters in justification of, or given in excuse for, an assault and battery, are not provable under the general issue; they must be specially pleaded. 1 Chitty 501, (11th ed.) ; *Shires* v. *Boggess,* 68 W. Va. 137 (69 S. E. 469).

The first of said pleas is objected to because it sets up two distinct matters of defense. It alleges, in substance: (1) That Vincent DiBacco was the proprietor of a licensed saloon in the town of Thomas, Tucker county, West Virginia, and that Joe DiBacco was employed as his clerk; that it was the duty of Vincent DiBacco to preserve order and to protect his guests from trespass therein; that plaintiff entered the saloon and assaulted and beat a certain .guest named William Jacobs; that in his attempt to preserve order Vincent DiBacco gently laid hands on plaintiff and evicted him from the saloon, doing no more than was necessary for that purpose; and (2) that immediately thereafter plaintiff again entered the saloon and assaulted and beat the defendant Vincent DiBacco, and thereupon the defendants, in attempting to preserve the peace and prevent plaintiff from so acting, laid hands upon him and again evicted him from the saloon, using no more force than was necessary for that purpose; and that these are the acts of trespass of which plaintiff complains.

It is no valid objection to the plea that it seeks to justify on two several grounds. A defendant is permitted by statute in this state to plead as many several matters, whether of law or fact, as he shall think necessary. At the common law this plea would have been bad, and subject to special demurrer for

duplicity, but not so under our statute which permits more than one issue to be presented for trial. Sec. 20, ch. 125, Code (1906). "Duplicity in a plea, is no longer ground of demurrer or objection to it." *Poling* v. *Maddox*, 41 W. Va. 779.

The second plea is purely one of *son assault demesne,* or self defence. It alleges that the injury of which plaintiff complains was wholly caused by the assault and battery first committed by him upon defendants, and that defendants did no more than was necessary to protect themselves from injury by plaintiff. We find no fault with this plea.

The evidence shows that the assault and battery upon plaintiff was committed in a saloon conducted by Vincent DiBacco, and in which Joe DiBacco was employed as bartender; that it occurred in the night time on October 24, 1908. There had been a republican rally in the town that day, and a large number of people from the country and the nearby coal mines had come to the rally. Plaintiff and a number of other young men went into DiBacco's saloon, bought some beer and went into a back room and drank it. Returning from the back room to the bar they found a number of others at the bar drinking; among the number standing at the bar was a colored man by the name of William Jacobs. It appears that plaintiff and Jacobs had some unpleasant words, and plaintiff struck Jacobs in the face, and immediately walked out of the saloon. Later plaintiff and some other companions again went into the saloon, and some of the parties bought some more beer, and they went into the back room and drank it. Plaintiff testifies that, on returning from the back room to the bar room, a white man by the name of John Lucier and a colored man were engaged in an argument, or dispute; that he was standing listening to them; that Vincent DiBacco took hold of him and started to put him out; and that he was then struck on the head and shoulder with a stick, and was knocked unconscious. The fact that he was struck with a pick handle by Joe DiBacco, the bartender, and his collar bone broken, and a gash cut in his scalp about two and a half or three inches long, is not denied. Joe DiBacco himself admits striking plaintiff as many as two licks with a pick handle; he says he did it to defend himself against the attack which he claims plaintiff had made upon the "boss" (meaning Vincent DiBacco). He says that plaintiff had struck

Vincent DiBacco and knocked him over against the corner by the door, as he was trying to take him out. This fact, however, is denied by plaintiff and by a number of other witnesses. In another part of his testimony Joe DiBacco, in answer to the question why he struck plaintiff, says: "For hitting the boss." He also says that he had to protect the place and the "boss." Joe DiBacco is a young Italian, weighing about two hundred and thirty pounds; the plaintiff is a young man who weighed something over one hundred and thirty pounds, and had but one arm. Vincent DiBacco says the bartender told him to take plaintiff out; that he took hold of him and put him out, and tried to shut the front door; and as he attempted to shut the door plaintiff struck him in the face. But the fact that plaintiff struck him is denied by plaintiff, and also by a number of other witnesses. Plaintiff's testimony, and that of some of his witnesses, tends to prove that, when Vincent DiBacco had hold of plaintiff by the only arm which he had, Joe DiBacco struck him over the head and shoulder with a pick handle; some witnesses say that he struck him as many as four or five times; defendant Joe DiBacco admits striking him at least twice. Just prior to the time plaintiff was struck he and two or three others, not those who were with him the first time, had gone into the back room, and had drunk their beer, and were returning to the outside, and had halted in the main bar room. The evidence is conflicting as to whether plaintiff then began a quarrel with one of defendant's guests. But whether he did or not, he was clearly not a trespasser; he was in defendant's bar room by virtue of the general invitation which, in the character of defendant's business, he extends to the public. Of course, it was plaintiff's duty to demean himself in a decent, orderly and peaceable manner. But even admitting that he was quarrelsome, and manifested a disposition and purpose to strike some other guest in the bar room, still the defendant owed him the duty not to do him unlawful or unnecessary injury; he had no right to use any more force than was necessary to eject him. There is evidence to support the theory, and the jury must have so found, that the beating and wounding was wholly unnecessary to accomplish plaintiff's eviction, and also that it was done wilfully, wantonly and even viciously.

It is not seriously contended that Joe DiBacco is not liable;

but it is earnestly insisted that the evidence fails to make a case of liability against Vincent DiBacco. But there are two well settled rules of law, applicable to the facts and circumstances of this case as the jury could find them, either of which determines the liability of Vincent DiBacco. First, if he aided and abetted Joe DiBacco in the commission of the unlawful act, he is liable as a principal in the commission of the trespass; and second, if the trespass was committed by Joe DiBacco alone within the scope of his employment, while engaged in the line of his duty therein, Vincent DiBacco is liable, because the defendants occupy the relation to each other of master and servant; and the law makes the master liable for such a trespass committed by the servant.

Concerning the first proposition: The jury had the right to infer, from the testimony herein referred to, and from the additional facts that Vincent DiBacco did nothing to restrain Joe DiBacco from committing the wrong, and retained him in his services after the wrong was committed, that he encouraged Joe DiBacco, and approved his act; this would make him equally liable with Joe DiBacco as his aider and abettor. 3 Greenleaf on Evi., sec. 40; 3 Cyc. 1069. The principle of law which may properly be applied to this case was correctly stated by the Supreme Court of Massachusetts in *Brown* v *Perkins and wife,* 1 Allen 89, as follows: "Any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks or signs, or who in any way or by any means countenances and approves the same, is in law deemed to be an aider and abettor, and liable as principal; and proof that a person is present at the commission of a trespass without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance, and approved it, and was thereby aiding and abetting the same." The same rule was announced by the Supreme Court of Missouri in *McMannus* v. *Lee et als.,* 43 Mo. 206. The following authorities are also in point: *Dangerfield* v. *Thompson,* 33 Grat. 136, (36 Am. Rep. 783); *Gillon* v. *Wilson,* 3 T. B. Mon. 216; *Bishop* v. *Ely,* 9 Johns. (N. Y.) 294; *State* v. *Noeninger,* (Mo.) 18 S. W. 990; 3 Greenleaf on Evidence, sec. 41.

As to the second proposition: Joe DiBacco was the bar-

tender; he was serving guests at the bar at the time he committed the assault and battery on plaintiff; he says it was his duty to protect the place and the "boss," and the master does not deny this. He also says that he struck plaintiff because plaintiff had struck the "boss." This is certainly sufficient evidence to prove that the unlawful act was committed by Joe DiBacco in the line of his employment, and while he was discharging his duties to his master. For such an unlawful act of the servant the law holds the master liable. 26 Cyc. 1518.

Complaint is made that the verdict is excessive; but, in view of the nature of the trespass, we are unable to say that it is so large as to evince passion, prejudice, partiality or corruption. The jury may have found, which they had the right to do, that the trespass was committed wilfully and wantonly; in such case they can award exemplary damages. Where damages do not admit of definite estimate, and there is no legal measure, the law leaves the measure to the sound discretion of the jury. 4 Ency. Dig. Va. & W. Va. 183.

We have carefully examined the instructions given for the plaintiff, to which the defendants objected, and also those asked for by the defendants which the court refused, and we find no error in the court's ruling in relation thereto. The court gave, at the request of defendants, a number of instructions. Their No. 2 correctly states the law, but was properly refused because the principle involved was stated in other instructions which were given at their request. The others not given were not applicable. No error appears and the judgment will be affirmed.

*Affirmed.*