IRA W. BELCHER, *Trustee, v.* T. L. BAYS

(No. 8722)

Submitted April 27, 1938.   Decided June 14, 1938.

*Robt. J. Ashworth* and *Ned H. Ragland,* for plaintiff in error.

*Sayre & Bowers,* for defendant in error.

272

KENNA, JUDGE:

Ira W. Belcher, trustee for the benefit of creditors of Raleigh Radio & Refrigerator Company, named in an assignment executed by that corporation on August 4, 1936, brought this notice of motion against T. L. Bays in the Circuit Court of Greenbrier County. Upon the return day, a jury was sworn to try the general issue, but when it developed that the defendant claimed off-sets that had not been pleaded, a mis-trial was allowed and the proceeding continued. Thereafter Bays appeared again, and having theretofore plead the general issue and filed a counter affidavit, filed a plea of set-off in which he claimed off-sets more than equalling the amount of the plaintiff's claim. The plaintiff demurred to the defendant's plea of set-off, and upon that demurrer being overruled stated that he did not wish to traverse the allegations of the plea. Thereupon, the trial court found for the defendant and entered judgment against the plaintiff for costs. Plaintiff below prosecutes this writ of error.

The notice of motion informed Bays that upon the return day (4th of December, 1936), judgment would be asked against him for the sum of $1600.00, less a credit of $500.00, constituting a payment upon the principal indebtedness made by Bays. The plea of set-off, properly verified, alleges (1) that the defendant did not owe any sum of money to the plaintiff; and (2) that he is entitled to credit for the sum of $500.00, admitted in the notice of motion, and, in addition thereto, to the sum of $1143.65 paid by Bays upon the note of Raleigh Radio & Refrigerator Company upon which he and J. V. Huddle were accommodation endorsers. Of the latter sum, $143.65 was paid by Bays, according to the allegations, on August 1, 1936, a few days before the assignment for the benefit of creditors, but after insolvency. The remainder was paid after that assignment.

The so-called plea of set-off that Bays filed, in addition to setting up the items relied upon, contained an

allegation categorically denying that he was indebted to Raleigh Radio & Refrigerator Company or to the said trustee in any sum of money. The plaintiff filed his demurrer to the defendant's plea of set-off, assigning grounds, and the case was submitted with nothing involved but matters of law.

The learned trial judge, on motion of the defendant, made his carefully prepared written opinion a part of the record.

The basic position assumed by the plaintiff-in-error, sub-divided, is (1) that a claim acquired after an assignment for the benefit of creditors cannot be set-off matter; and (2) that the accommodation endorsement of an assignor's note made prior to the assignment, but not due until after the assignment, until which time the endorser was not required to pay, does not make the off-set which arises one that was acquired before the assignment.

We think that it will not be necessary to deal with the first question raised, because the second question being based upon a fallacy as to what the proof shows, and the liability and hence the set-off of the endorser being one, which, in our opinion, arose and accrued before the assignment and at the time of insolvency, makes whatever sum the endorser paid after the insolvency and pursuant to his liability a proper off-set. The following language, quoted from the opinion in the case of *Nolan Brothers Lumber Co.* v. *Dudley Lumber Co.*, 128 Tenn. 11, 156 S. W. 465, 467, Ann. Cas. 1914D, 744, 46 L. R. A. (N. S.) 62, 67, seems to us a rather clear statement of the sound rule, though the quoted language is from an equity case:

"We are of opinion that the latter rather than the former line of authorities is more in accord with the principle that underlies our statute and decisions. The element of the time of payment does not figure, if made before the set-off was pleaded; and, as we have seen, in contemplation of equity, rights will be taken to have inhered in the indorser anterior to the assignment. The assignee will not be treated as a quasi holder in

> due course for value as against such an indorser.
> Manifestly a court of equity should not hold
> itself powerless to relieve from loss, in a very
> real sense fixed on the indorser at the time of
> the assignment, merely because his demand was
> not matured in law on assignment date. The
> trend of the more recent cases appears to be
> towards the ruling here made, and away from
> the influence of the rules of the common law as
> to set-off, sometimes harsh in their exactness."

As illustrative of the conflict in authority, at least to a partial extent, see *Scott* v. *Timberlake*, 83 N. C. 382; *Craighead* v. *Swartz*, 219 Pa. 149, 67 Atl. 1003; and *Follett, Admr., etc.*, v. *Buyer*, 4 Ohio St. 586; *Gildersleeve* v. *Caraway, Use, etc.*, 19 Ala. 246, all apparently law cases.

Counsel for the plaintiff-in-error cite and rely upon Code, 50-5-1, subdivision, (d) (sometimes erroneously cited as [b]). The section cited has to do with *counterclaims* which may be filed in certain proceedings before a justice of the peace. It has no application in this case, partially for the obvious reason that the section referred to applies only to counterclaims in actions before a justice of the peace. The section which is applicable here is Code, 55-8-9, wherein it is provided that the assignee of a chose in action arising out of contract may maintain an action thereon against the original contracting party, allowing sets-off not only against himself but against the assignor also if acquired before notice of the assignment. Here, there is no notice of the assignment on the part of the defendant alleged, and we have the statement that the plaintiff does not wish to make other or further reply to defendant's plea of set-off.

A third question is raised by the plaintiff-in-error concerning the right of Bays to off-set the amount that he was required to pay on the note in question on behalf of his co-surety, Huddle. As endorser, Bays was liable for the full amount to the holder of the note. He paid the full amount. Whatever he paid out for Raleigh Radio

& Refrigerator Company upon a lawful liability that he had incurred for that company is a proper set-off. The ultimate settlement between him and Huddle, his co-endorser, is a matter that in no way can render the trustee financially responsible or in any way concern him.

There is still another question, not dealt with in the trial court's written opinion, that strikes us as being at least deeply persuasive. It will be noted that the plea of set-off begins with an emphatic denial by Bays of any indebtedness to the Raleigh Radio & Refrigerator Company. A defendant may plead several matters of defense in the same plea. *Hunt* v. *DiBacco,* 69 W. Va. 449, (Pt. 4, Syl.), 71 S. E. 584; Code, 56-4-39. When this notice of motion was submitted to the trial court on the previous occasion, there was a joinder of issue of fact. Upon the present submission, the court's attention was directed only to the plaintiff's demurrer to the defendant's plea. This is borne out and clarified by the language of the final order, which reads as follows: "And thereupon plaintiff by his attorney stated that he did not wish to traverse the said special plea of set-off, *nor to dispute the truth of the matters and things therein alleged, nor to make further or other reply thereto,* and the court being of opinion that the matters stated in said special plea of set-off constitute a complete defense to plaintiff's cause of action averred in his notice of motion for judgment, * * * ."

We are then confronted by the fact that there is a direct allegation by the defendant, the facts of which would render him not liable upon the plaintiff's notice of motion, in addition to and other than the facts upon which set-off is based, and that the position of plaintiff's counsel shown by the court's order constitutes an admission of defendant's allegation. We are inclined to think that this constitutes further justification for the course pursued by the trial judge.

For the foregoing reasons, the judgment of the Circuit Court of Greenbrier County herein rendered is affirmed.

*Affirmed.*