# CHARLESTON.

CHARLES W. SIEVER, WHO SUES FOR THE USE OF THE KEYSER
CANNING COMPANY, *A Corporation, v.* KLOTS THROWING
COMPANY OF WEST VIRGINIA, *A Corporation.*

(No. C. C. 383)

Submitted April 13, 1926.   Decided April 20, 1926.

1. ACTION—*Causes of Action Arising Ex Contractu and Ex
   Delicto Cannot be Joined in Same Suit.*

   Causes of action arising ex contractu and ex delicto can-
   not be joined in the same suit against the defendant.   (p.
   459.) .

   (Actions, 1 C. J. § 244.)

2. PLEADING—*Where Declaration Both Anticipates Defenses Set
   Up in Special Pleas and Negatives Them, and Tenders
   Issue Thereon, Demurrer Thereto Sufficiently Presents
   Issues of Law Tendered by Pleas, Which May Properly be
   Rejected.*

   Where the declaration by allegation fully anticipates the
   defenses set up in special pleas and negatives the same, and
   tenders issue thereon, the demurrer thereto sufficiently pre-
   sents the issues of law tendered by the pleas, and the latter
   may properly be rejected.   (p. 461.)

   (Pleading, 31 Cyc. p. 322.)

3. JUDGMENT—*If Parties be Same, Code, c. 104, § 19, Protects
   Plaintiff in Second Suit Brought on Same Cause of Action.*

   If the parties be the same, section 19 of chapter 104 of the
   Code, protects the plaintiff in a second suit on the same
   cause of action brought within the time prescribed thereby,
   in cases covered by the provisions thereof.   (p. 462.)

   (Judgments, 34 C. J. § 1162.   Limitation of Actions, 37 C. J.
   § 527.)

4. ASSIGNMENTS—*Action Brought by Assignee of Cause of Ac-
   tion Cannot be Defended on Ground That Assignment Was
   Made Without Consideration, or For No Consideration;
   Action Brought by Assignee Cannot be Defended on Ground
   That Assignment Was Made to Him for Purpose of Col-
   lecting Debt.*

   A defendant cannot defend an action brought by the as-
   signee of a cause of action, on the ground that the assign-
   ment was made without consideration or upon no considera-

tion, nor on the ground that the assignment was made to plaintiff for the purpose of collecting the debt.    (p. 463.)

(Assignments, 5 C. J. § 199.)

5.  LIMITATION OF ACTIONS—*If Plaintiff Misjoins in Same Suit a Cause of Action Arising to Himself Personally and One Assigned to Him Arising Ex Delicto, and Suit is Dismissed as to Tort Action, Because of Misjoinder and Because it Should be in Name of Assignor for Use of Assignee, Suit Subsequently Brought in Tort Form Within One Year After Dismissal is Protected from Statute of Limitations (Code, c. 99, § 14, and Chapter 104, § 19).*

If a plaintiff, misconceiving his rights, misjoins in the same suit a cause of action arising to himself personally and one assigned to him arising ex delicto, and the suit subsequently is dismissed as to the tort action because of such misjoinder and because it was determined that the suit as to the tort should be in the name of the assignor for the use of the assignee, a suit subsequently brought in the latter form within one year after such dismissal, is protected against the statute of limitations by section 19 of chapter 104 of the Code.    (p. 464.)

(Limitation of Actions, 37 C. J. § 549.)

6.  SAME—*Though Assignment of Tort Action May Have Been for Collection Only, Causing Misjoinder in Suit by Assignee with Personal Action, Plaintiff in Subsequent Action by Assignor for Use of Assignee is Protected Against Statute of Limitations (Code, c. 104, § 19).*

Though the assignment of such tort action may have been for the purpose of collection only, and so misjoinder in a suit by the assignee with a personal action against defendant, the plaintiff in the subsequent action by the assignor for the use of the assignee is so far the same and identical as to be protected against the statute of limitations by section 19 of chapter 104 of the Code.    (p. 465.)

(Limitation of Actions, 37 C. J. § 553 [Anno].)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Mineral County.

Action by Charles W. Siever, who sues for the use of the Keyser Canning Company, against the Klots Throwing Company of West Virginia.  After ruling on a demurrer to the declaration and each count thereof, and overruling same, the trial court thereof, certified questions.

*Demurrer overruled; special pleas rejected.*

*Harry G. Fisher,* for plaintiff.

*Chas. N. Finnell* and *Horace P. Whitworth,* for defendant.

MILLER, JUDGE:

The questions certified involve the correctness of the rulings of the circuit court on the demurrer to the plaintiff's declaration, and each count thereof, and to the filing of defendant's special pleas numbers 1 and 2, and plaintiff's special replication thereto, and the rejection of defendant's special plea number 3, and of plaintiff's special reply thereto, conditioned on the rulings of this court with respect thereto.

The cause of action is the damages originally sustained by Charles W. Siever, by the burning of his factory building at Keyser, W. Va., the result of the alleged negligence of defendant, one of the occupants thereof as a lessee; and it is the same cause of action which the Keyser Canning Company, suing as assignee thereof, joined with an individual cause of action against the same defendant, for the destruction of its property by fire, while occupying as a lessee a portion of the same building; and the rights of the parties respecting which cause of action were formerly before this court, on two former writs of error, as reported in 94 W. Va. 346, and 98 W. Va. 487, 128 S. E. 280.

On the last preceding hearing here, the point was for the first time made by counsel for defendant, that an assignee of a cause of action arising out of tort can not sue in his own name, or join the same with an individual cause of action, though arising out of the same acts of negligence against the same defendant, but that a suit respecting such assigned claim would have to be in the name of the assignor Siever, suing for the use of the assignee, the statute, section 14, chapter 99 of the Code, not covering causes of action arising *ex delicto.* It is fair to presume that counsel for plaintiff, in joining the two causes of action in the former suit overlooked the fact that the provisions of said statute were restricted to causes of action arising *ex contractu.* Whatever the fact; the question was not presented until after the lapse of five years, and

when a new suit upon the original cause of action would be barred by the statute of limitations.

When the point was thus made by counsel, and induced thereto for the purpose of the new trial awarded, we decided, re-affirming the proposition then recently before affirmed in *Barkers Creek Coal Company* v. *Alpha-Pocahontas Coal Company*, 96 W. Va. 700, that: ''An assignee of a claim for damages arising out of tort, as distinguished from one arising out of contract, can not maintain an action against the tort feasor in his own name or as assignee. The suit should in such cases be in the name of the assignor, for the use of the assignee.''

So that on this holding on which defendant had thus procured the ruling of the court, and on remand of the case to the circuit court, the plaintiff procured the suit to be dismissed as to the claim so assigned to it, and the present suit was instituted against defendant in the name of Siever suing for the use of the canning company as assignee of his claim.

The declaration in the present suit, in four counts, in so far as the subject matter thereof pertains to the assigned claim or cause of action, is substantially the same as the declaration and the several amendments thereof in the original suit, so formerly disposed of.

The points of demurrer assigned and relied on are (1) That the cause of action did not arise within five years next before the institution of the present suit by Siever, assignor; (2) That if this action should be held to be in effect that of the Keyser Canning Company, a Corporation, and not that of Charles W. Siever, the plaintiff therein, the cause of action on which the defendant is now impleaded was voluntarily and on its own motion dismissed by the Keyser Canning Company from its action against the defendant, and therefore it is not entitled to the protection of section 19 of chapter 104 of the Code, tolling the statute of limitations in certain cases, providing, among other things, that ''if there be occasion to bring a new suit by reason of the said cause having been dismissed for want of security for costs, or for *any other cause,* which could not be pleaded in bar of any action,'' a new suit ''may be brought within one year after such abatement, dismissal, or other cause.''

The pleader, anticipating the demurrer and the grounds therefor, and the interposition of pleas numbers 1 and 2, the first covering the statute of limitations of five years, and the second pleading want of consideration for said assignment, that the said assignment was colorable only and merely to establish a basis for one suit for both causes of action, undertook in the declaration, by proper averments, to plead around the subject matters thereof, and repeated the averments thereof in special replies to said demurrer and pleas. So that the same questions substantially presented by the pleas were presented by the demurrer; and it is practically conceded that if the demurrer was properly overruled, the pleas should also have been denied.

Special plea number 3, to which plaintiff tendered a special replication, pleaded and relied on the order of the court, of September 22, 1925, made in the original action, and in abatement of the present suit, as follows: ''On the 22nd day of September, 1925, came the parties to this suit by their attorneys, and plaintiff asked leave without prejudice to plaintiff as to any action hereafter it may be advised it has, to dismiss the foregoing suit so far as it is assignee of Charles W. Siever, by withdrawing its original declaration and all amendments thereto, together with the bill of particulars pertaining to the real estate. It is therefore ordered that plaintiff as assignee of Charles W. Siever is hereby dismissed without prejudice to plaintiff as to any action it may be advised it may have a right hereafter to institute as to said real estate, and that plaintiff's original declaration and all amendments thereto, together with the bill of particulars as to the real estate shall not be considered in the further trial of this case. Thereupon plaintiff filed its bill of particulars aggregating $40,630.70 and its supplemental bill of particulars in the amount of $2,423.28 and the defendant entered a plea of not guilty as to the original declaration, the first, the second, the third and fourth amended declarations, together with the bill of particulars and supplemental bill of particulars, and issue was joined thereon by the plaintiff as to all of said pleas;'' and it was averred in relation thereto that the motion referred to,

by the Keyser Canning Company was voluntary, and the dismissal of the suit as to the cause of action sued on in the present case was not made necessary by reason of any adverse ruling of the circuit court of Mineral County against the plaintiff in said action. The special replications by plaintiff to this plea is a denial of the averment that said dismissal was voluntary, but on the contrary was rendered necessary by the court on writ of error as aforesaid, and by which the circuit court in the further proceedings in the case was bound; wherefore, it is alleged the plaintiff herein is protected by section 19 of chapter 104 of the Code. The circuit court was of opinion that if permitted to consider the record of the two former suits, which it was not, the plea would present no defense to the present action; wherefore, it would allow the plea and the general and special replications thereto to be filed.

The conclusion which we have reached on the demurrer to the declaration, we think substantially disposes of all questions certified relating to the special pleas and special replications, in as much as the declaration substantially anticipated and tendered all issues sought to be presented by these pleas.

The present suit was not brought within five years from the date the cause of action accrued to Siever; and it is conceded that unless plaintiff is protected by section 19 of chapter 104 of the Code, as pleaded, the first ground of demurrer should have to be sustained, and that special plea number 1 presented a complete defense to the action, and was properly filed. Of this there can be no doubt: the statute of five years would otherwise constitute a complete defense.

But the declaration in each of the four counts, alleges the institution within five years and the prosecution of the former suit by the Keyser Canning Company, in its own right and as assignee of Siever's claim for damages, and the dismissal of the former suit as to that claim, because of the ruling of the court respecting the same, and pleads and relies on said section 19 of chapter 104. In argument on the demurrer and by special plea number 2, defendant interposes the proposition that, though the causes of action so far as they relate to the

assigned claim of Siever, are the same in both actions, the parties are different, and that the plaintiff in the former suit, the Keyser Canning Company, had and has no interest in the Siever claim, and had none by virtue of the assignment thereof, but on the contrary that Siever is the sole beneficiary, and is not in the present suit protected by section 19 of chapter 104, from the bar of the statute of limitations. If the parties in legal effect are not the same in both suits, of course the former suit would constitute no protection to Siever or the canning company in the present suit. *Bent* v. *Read,* 82 W. Va. 680; 25 Cyc. p. 1303, and cases cited.

The questions presented therefore on the facts pleaded are, whether the parties in a legal sense quoad the assigned claim are different in the two suits, and whether the canning company as assignee in the former suit had or has such interest in, or is so identified with, the assigned claim as to entitle it to maintain this suit in the name of Siever for its use, and thereby to toll the statute of limitations as claimed. If the assigned claim had arisen *ex contractu,* and not *ex delicto,* the canning company might have joined the two causes of action in one suit as provided by section 14, chapter 99 of the Code, but the assigned claim not having arisen *ex contractu,* and the two causes not having been properly joined for the reason, as well as because of the obstacle pointed out in the decision in the former suit, the pleading in the former suit could not properly have been amended, as it might otherwise have been perhaps, so as to have cured the defect therein. *Chicago & N. W. Ry. Co.* v. *Jenkins,* 103 Ill. 589; *Harlan* v. *Loomis,* 140 Pac. 845; *Lilly* v. *Tobbein,* 103 Mo. 477; *Clement* v. *Commonwealth,* 95 Pa. St. 107; *U. S. Inc. Co.* v. *Ludwig,* 108 Ill. 514; *Thomas Payan* v. *U. S.,* 7 Court of Claims, 400; *Geen* v. *U. S., Id.* 496. These cases seem to permit the substitution as plaintiff the assignor for that of the assignee in a suit on a claim *ex contractu.* They only preclude the bringing in by way of amendment of a new party in no way having the right to sue and not a party to the original action.

Putting out of view for the present the question of the canning company's material interest in the claim assigned by Siever, had it such interest therein by the assignment as if

arising *ex contractu,* it could not join it with its individual claim in a suit against the same defendant company, a proposition negatived by defendant's special plea number 2. It seems to be well settled that a defendant can not defend an action on the ground that the assignment was without consideration, or question the purpose or motive of the assignor in making the assignment. The assignment being valid, the assignee may sue and maintain the action thereon regardless of the purposes or motion of the parties to the assignment, even though the purpose be simply that of convenience in collecting the debt. *Price* v. *Moran,* 99 W. Va. 498; 994, par. 199; *King* v. *Mullen,* 97 Pac. 542; *McGillivary* v. *Columbia Salmon Co.,* 177 Pac. 660; *Forsyth* v. *Ryan,* 68 Pac. 1055. In the following cases assignments of claims for collection were held to constitute assignments for value and to vest such interest in the assignee sufficient to enable him to sue though the assignor retains the equitable interest. *The Rupert City,* 213 Fed. 263, 264; *Kelley* v. *Hampton,* 133 Pac. 340; *Peters* v. *Railroad Co.,* 24 Mo. 586. In a case where a non-resident corporation not entitled to sue in South Dakota appointed a resident agent and assigned its claim to him for the purpose of collection and payment of the proceeds to the corporation, no consideration being paid, it was held that the assignee was not only the real party in interest, but was entitled to sue in his own name. *Citz. Bank* v. *Corkings,* 70 N. W. 1059. Cases of our own sustaining the same proposition are: *Bentley* v. *Ins. Company,* 40 W. Va. 729; *Wallace* v. *Leroy,* 57 W. Va. 263; *Stevens, for use, Etc.* v. *Brown,* 20 W. Va. 450. These authorities seem to dispose of the demurrer and plea number 2, based on the right of the canning company to sue. So that with sufficient interest in and right to sue, and because the action is *ex delicto,* the only question is whether having misjoined the cause of action in the former suit, and misconceived the proper form of the action, the dismissal thereof constitutes a bar to the present action. We are of opinion that it does not.

The dismissal of the former action could not be pleaded in bar of the present suit. The rights of the parties were not thereby adjudicated. The plaintiff in the former suit simply

misconceived the proper form of the action and went out of court because of the adverse ruling in the first suit, and is not barred thereby. Black on Judgments, §§715, 716 718. In *Tompkins* v. *Insurance Co.,* 53 W. Va. 479, it was decided that a suit in federal court dismissed for want of jurisdiction, and subsequently instituted in the circuit court of Cabell County, was protected against the statute of limitations by section 19 of chapter 104 of the Code, the court saying that the purpose of the statute was to save one who has brought his suit within the time limited by law, from loss of his right of action by reason of accident or inadvertence, and that it would be a narrow construction of that statute to say that because a plaintiff had by mistake attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it. The dismissal of the action, therefore, amounted to nothing more than a nonsuit quoad the present cause of action; and in such cases the plaintiff is protected by the statute. And before nonsuit a plaintiff may bring a new suit in anticipation thereof, and have the protection of section 19 of chapter 104. *Mylius* v. *Arnold,* 99 W. Va. 341. The statute is very broad. In this case plaintiff did not rely on his own judgment to suffer non-suit but waited until after the appellate court had ruled on his right to maintain the suit in its orginal form. In doing so he is within the rule announced in *Allen* v. *Burdette,* 89 W. Va. 615. We hold therefore that plaintiff is not precluded from maintaining the present action by the statute of limitations, and that the demurrer should be overruled on all grounds, and the pleas rejected.

*Demurrer overruled; special pleas rejected.*