## LINDGREN v. UNITED STATES SHIPPING BOARD MERCHANT FLEET CORPORATION.

### No. 3201.

Circuit Court of Appeals, Fourth Circuit.
Jan. 12, 1932.

118

D. Arthur Kelsey and J. L. Morewitz, both of Norfolk, Va. (L. B. Cox and Kelsey & Jett, all of Norfolk, Va., on the brief), for appellant.

H. H. Rumble, of Norfolk, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal in an action at law instituted under the Virginia wrongful death statute by C. A. Lindgren, administrator of the estate of C. E. Barford, deceased, as plaintiff, against the United States Shipping Board Merchant Fleet Corporation as defendant. The action was to recover damages on account of the death of Barford, and involves the same facts as the admiralty suit of C. A. Lindgren, administrator of the estate of C. E. Barford, deceased, against Colonna's Shipyard, Inc., and the United States of America, which was before this court on appeal, 28 F.(2d) 725, and before the Supreme Court on certiorari, 281 U. S. 38, 50 S. Ct. 207, 74 L. Ed. 686. The action here was commenced under the Virginia practice by a petition for attachment. The court below sustained a demurrer to the petition on the ground that the action was barred by the limitation contained in the death statute; and, from judgment on the demurrer dismissing the action, plaintiff has appealed.

Plaintiff's decedent, Barford, was killed on October 5, 1926. On March 16, 1927, plaintiff filed the admiralty suit above referred to against Colonna's Shipyard and the United States, alleging that decedent's death was caused by negligence for which both the United States and the shipyard were liable, and invoking the admiralty jurisdiction on the ground that decedent was killed on a vessel which was in a dry dock at the time. The libel failed to allege that the decedent left any dependents surviving him for whom recovery might be had under the federal statute, and the government excepted to the libel on that ground, but the exception was overruled. The cause then went to hearing, and it was established by the evidence that decedent left no dependents; but the District Judge, being of opinion that plaintiff was entitled to recover under the Virginia death statute (Code of Va. § 5786), which does not require dependency, and that liability on the ground of negligence had been shown against the United States but not against the shipyard, entered a decree awarding damages against the United States in the sum of $5,000 and dismissing the libel as against the shipyard. On an appeal by the United States, we held that the Virginia death statute had no application to the case, that the remedy prescribed by the Merchant Marine Act of 1920, § 33, 41 Stat. 1007, 46 USCA § 688, was exclusive, and that, as decedent left no dependents, plaintiff was not entitled to a recovery under the latter act. We directed, therefore, that the decree below be reversed, and that the libel be dismissed. This was affirmed by the Supreme Court, and on May 31, 1930, an order was entered dismissing the libel.

On June 4, 1930, this action at law was instituted in a state court, and was thereafter duly removed into the federal District Court. It was commenced by petition for attachment under the Virginia practice, which alleged that the vessel upon which decedent was killed was on a marine railway and not in a dry dock, as alleged in the former suit. It also pleaded the former suit, although same was brought against the United States, and not against the United States Shipping Board Merchant Fleet Corporation, the defendant here, and relied upon the pendency of same as bringing the institution of the present action within the one-year provision of the Virginia death statute, Code, § 5787. The pertinent provision of that section of the Code is as follows: "Every such action shall be brought by and in the name of the personal representative of such deceased person and within one year after his or her death, but if any such action is brought within said period of one year after said person's death, and for any cause abates or is dismissed without determining the merits of said action, the time said action is pending shall not be counted as any part of said period of one year, and another suit may be brought within the remaining period of said one year as if such former suit had not been instituted."

Plaintiff also relies upon section 5826 of the Virginia Code, which is as follows: "If an action or suit commenced within due time in the name of or against one or more plaintiffs or defendants abate as to one of them by the return of no inhabitant or by his or

her death or marriage, or if in an action or suit commenced within due time judgment or decree for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in a former suit or action which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or such arrest, or reversal of judgment or decree, or such loss or destruction, but not after."

The contention of plaintiff is that a suit against the United States Shipping Board Merchant Fleet Corporation is in effect a suit against the United States; that, this being true, the former suit was against the same defendant as is here involved; that there has been no determination upon the merits of the matter involved in the former suit; and that under either section 5787 or section 5826 of the Code this action is within time, since it was brought within less than a year of the termination of the former suit, and, if the time during which that suit was pending be excluded, within a year of decedent's death. The defendant, on the other hand, contends that the suit against the United States was not a suit against defendant, and that the pendency of same did not enlarge the statutory period for bringing this action; that the suit against the United States did not abate, and was not dismissed without a determination of the merits, and was not reversed upon a ground which would not preclude a new action or suit for the same cause, and that consequently the statutory provisions quoted have no application in any event; and that, even though the death of decedent occurred upon a marine railway as alleged, it was nevertheless within the jurisdiction of admiralty, and the petition therefore alleged no cause of action within the jurisdiction of the court.

The contentions of defendant raise a number of interesting questions which it is not necessary to decide. We think it clear that, for a former action to extend the time for bringing an action for wrongful death under the Virginia statute beyond the one-year period, it must have been brought against the same person as is named defendant in the subsequent action; and we think it equally clear that the United States is not the same person as the United States

Shipping Board Emergency Fleet Corporation.

While the Virginia statutes do not in express terms provide that the former action which will prevent the subsequent action from being barred must have been brought against the same person as the subsequent action, this is unquestionably their meaning. While the precise question has not been decided in Virginia, it is not to be assumed, in the absence of an express provision to that effect, that it was the intention of the Legislature that the time to bring an action against one person should be extended by reason of the fact that it had been brought against some one else. The closely analogous question has been raised in Virginia, however, as to whether the bar of the statute will protect a new defendant brought into a pending suit; and it is held, in accordance with the general rule, that the institution of the action against the original parties does not save it as against the defendant subsequently joined. Dorr's Adm'r v. Rohr et al., 82 Va. 359, 3 Am. St. Rep. 106; Miller v. M'Intyre, 6 Pet. 61, 8 L. Ed. 320; 37 C. J. 1066. Certainly, if the bar of the statute may not be escaped by joining the defendant in a pending suit brought within the statutory period, it may not be escaped by dismissing that suit and bringing a new and independent suit against him. In West Virginia, which has practically the same statute as Virginia, and whose legal system is based upon the legal system of that state, it is held that the institution of the former suit will not protect against the bar of the statute where the parties are not the same. Sieyer v. Klots Throwing Co., 101 W. Va. 457, 132 S. E. 882; Bent v. Read, 82 W. Va. 680, 97 S. E. 286.

Section 5826 of the present Virginia Code is in the same language as section 2934 of the Code of 1887, except that it includes suits in equity as well as actions at law. By the act of 1893-94, c. 693, p. 789, provision was made for bringing a new action where the prior action had been brought in the wrong forum or in the wrong form. Acts of 1897-98, c. 226, p. 252, added, "or against the wrong defendant." It was while these amendments were a part of the section that this court rendered its decision in Norfolk & Atlantic Terminal Co. v. Rotolo (C. C. A. 4th) 179 F. 639. The revisors of 1919 restored the section as it was in the Code of 1887; and there can be no doubt that it was their purpose to strike out the amendment of 1897-98, which gave the right to

bring a new action within a year upon the dismissal of a suit which had been brought against the wrong defendant. They had this to say with respect to the section as it appears in the Code: "This section is identical in language with section 2934 of the Code of 1887, except that it expressly includes suits in equity as well as actions at law. The amendments made by the acts cited at the end of the section have been omitted, because they were deemed unwise. They authorized an extension of one year if any kind of action were brought against a wrong defendant, which would include any defendant."

Plaintiff contends, however, that this suit and the former suit are virtually against the same defendant because the United States owns the stock of the Fleet Corporation and the Fleet Corporation is an agency of the United States. This position cannot be sustained. The United States is a sovereign power representing in its corporate capacity the people of the country and immune from suit, except as it may give its consent thereto. The Fleet Corporation is a private corporation of the District of Columbia, created under the laws of the United States, with power to sue and be sued in the same manner as other corporations. Sloan Shipyards Corp. v. U. S. Shipping Board Emergency Fleet Corporation, 258 U. S. 549, 568, 42 S. Ct. 386, 66 L. Ed. 762; U. S. Shipping Board Merchant Fleet Corporation v. Harwood, 281 U. S. 519, 526, 50 S. Ct. 372, 74 L. Ed. 1011. Although the United States owns its stock, it is a distinct entity just as other corporations are distinct from their stockholders. A suit against it is not a suit against the United States, and a suit against the United States is not a suit against it.

If this action were treated as an action against the United States, as plaintiff would have us treat it, this would not help plaintiff, for we would have to dismiss it, for the reason that the United States has not consented to be sued in such an action. Suits may be brought against the United States under the Suits in Admiralty Act (46 USCA §§ 741–752) for injuries suffered within the maritime jurisdiction; but nowhere has the United States consented to be sued for damages on account of an injury sustained on land. The plaintiff is thus on the horns of a dilemma. If the present suit is treated as one against the United States, it cannot be maintained, because the United States has not consented to be sued for a nonmaritime tort. If it is treated as one not

against the United States, the former suit, which was against the United States, will not protect against the bar of the statute.

The order sustaining the demurrer and dismissing the action will be affirmed.

Affirmed.