LON · BURNHAM, Respondent, v. F. H. WILLIAMS and PAUL D. QUINN, Appellants.

Springfield Court of Appeals, May 2, 1917.

1. **NEGLIGENCE: Liability.** In Missouri, where an injury is caused by negligence for which any one would be liable, the liability is

Burnham v. Williams and Quinn.

placed against the party whose negligence is found to be the proximate cause of the injury.

2. **PRINCIPAL AND AGENT: Act of Agent.** For the principal to be bound by the act of his agent, the agent must have acted either with the express or implied authority of the principal, and, if the agent was acting entirely outside of the principal's business for some purpose of his own, it is not the act of the principal, unless adopted by him.

3. **COMPROMISE AND SETTLEMENT: Agency: Binding Force on Insured.** Where an automobile owner was insured against loss arising from claims for damages on account of bodily injuries growing out of accidents occurring while his policy was in force, and he had a collision with the driver of another automobile, which was clearly caused by the latter's negligence, but nevertheless the latter threatened to sue insured, an the insurer's adjuster settled with the party at fault for $200, the settlement, which insured had no hand in, he being forbidden by his contract to interfere with negotiations for the settlement of claims, did not bind him and estop him from asserting claim for damages to his automobile against the party at fault.

4. **MUNICIPAL CORPORATIONS: Automobile Collision: Pleading.** In an action for injuries to an automobile in collision with another car, the petition charged that while plaintiff was driving his car north along a street in the city, and when about thirty feet north of another street, defendant carelessly and negligently and without warning turned the car he was driving across the street immediately in front of plaintiff's car and collided with it, and further that defendant failed or neglected to go to the intersection of the street or any other street to turn his automobile, as required by the ordinances of the city. *Held*, that, under the rule that after verdict the petition must be construed favorably to uphold the verdict and judgment, the petition was sufficient, though the city ordinances, violation of which was pleaded, were not in evidence, since the petition contained a charge of common law negligence.

5. **APPEAL AND ERROR: Reservations of Ground of Review: Objection to Pleading.** If the petition was not sufficiently definite, appellants should have taken advantage of the defect by motion before trial.

6. **DAMAGES: Sufficiency of Evidence.** In an action for injuries to an automobile in collision with another, evidence *held* sufficient, in the absence of objection to plaintiff's testimony, and in the absence of any proof or attempted proof on defendant's part to the contrary, to sustain a verdict for $100 for plaintiff.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,*
Judge.

AFFIRMED.

*G. A. Hodgman* and *Leslie C. Green* for appellants.

(1) The doctrine of comparative negligence does not obtain in Missouri. Hogan v. Citizens Ry. Co., 150 Mo. 36; Moore v. Lindell Ry. Co., 176 Mo. 528; Keele v. Railway Co., 258 Mo. 62. (2) Accordingly, from one negligent act only one right of action arises based upon the negligence. Coy v. Railroad, 186 Mo. App. 408 (and cases there cited); Stickford v. St. Louis, 7 Mo. App. 217, affirmed in 75 Mo. 309; Wheeler Svgs. Bank v. Tracey, 141 Mo. 252; Morgan v. Railroad, 111 Mo. App. 721; Seiglider v. Railroad Co., 38 Mo. App. 511; Kellott v. Kirksville, 132 Mo. App. 519; King v. Railroad, 50 L. R. A. 161; Freeman on Judgements, sec. 241, pages 422 et seq.; Smith v. Railway Co., 189 S. W. 367; Chicago Herald Co. v. Bryan, 195 Mo. 574; Cassidy v. Berkowitz, Louisville Ry. v. Same, 185 S. W. 129; Johnson v. Connecticut Co., 85 Conn. 438. (3) Voluntary compromise settlements are favored in law to prevent litigation and continued disputes. Releases based thereon will not lightly be set aside. There is no allegation by plaintiff that the release was given by mistake, fraud or misrepresentation. Plaintiff seeks to retain the benefits of the settlement and release so far as he is concerned, yet he attempts to reopen the original dispute against the party who has accepted from him a consideration to consider the matter closed. Plaintiff cannot repudiate the release in part; it must be all or none. "He who seeks equity must do equity." Winters v. K. C. Cable R. Co., 160 Mo. 159; 34 Cyc., page 1050 et seq.; Gibson v. West N. Y. Ry. Co. (Pa.). 30 Atl. 308; Chicago, Etc., Ry. Co. v. Wilcox, 54 C. C. A. 147.

*L. M. Henson* for respondent.

(1)—The burden of proving agency is on the party asserting it. Wade v. Boone, 184 Mo. App. 88; 31 Cyc. 1643. (2)—Declarations of the agents of the Hartford

Company as to authority from Burnham are incompetent to prove agency. The indemnity policy fixes the relations between Burnham and the company. Oil Co. v. Zinc Co., 98 Mo. App. 324 (3)—Under the entire record in this case plaintiff's right of recovery depends on questions of fact. The trial court passed on these questions, and its finding will not be disturbed by the appellate court. Slicer v. Owens, 241 Mo. 319; Paint Co. v. Ins. Co., 165 Mo. App. 30.

FARRINGTON, J.—Plaintiff recovered a judgment in the circuit court and defendants have appealed. Plaintiff filed his suit in a justice's court in Butler county basing his cause of action on an alleged negligent act of one Paul D. Quinn where a judgment in plaintiff's favor was rendered for $56. Defendants appealed to the circuit court and on trial de novo plaintiff recovered the judgment of $100 appealed from.

The charge of negligence in the petition is that while plaintiff was driving his automobile north along main street in the city of Poplar Bluff, and when about thirty feet north of Poplar street, defendant Quinn driving defendants' automobile carelessly and negligently and without warning turned the car he was driving across said Main street immediately in front of plaintiff's car and collided with plaintiff's car. Further, that Quinn failed or neglected to go to the intersection of Main street or any other street to turn said defendants' automobile as required by the ordinances of the city, and failed and neglected to give any warning that he was about to turn said automobile, but plaintiff alleges that said defendant carelessly and suddenly turned across said street immediately in front of the plaintiff and that plaintiff was unable to prevent a collision between his car and that of the defendants. The petition then sets out the damage done to plaintiff's car and asks damages in the sum of $100.

It is claimed by respondent and admitted by appellants that no case could be found passing on the issue presented to us by appellant in this case, and the unique state of facts that we shall presently set out probab-

ly accounts for a failure of a court of record to have ever before been called upon to pass on the contention made.

Plaintiff owned an automobile which he operated himself, and was insured against damage occasioned by his machine in a policy or indemnity contract issued by the Hartford Accident & Indemnity Company. Defendants owned an automobile which was being operated by defendant Quinn on the day the collision occurred. The evidence clearly shows that plaintiff was driving his machine in a careful manner, on the right side of the street, going north on Main street, and that the defendant Quinn, whose car had been standing still on the right side of Main street, turned it immediately toward the west without giving any warning. At the time he did this plaintiff's car was so close that a collision could not have been prevented by the use of any means at plaintiff's hands. Without going into detail it is sufficient to say that the case made by plaintiff was that he was without blame or negligence, and that Quinn was negligent and that his act was the proximate cause of the accident. When the collision occurred both cars were damaged considerably, and Quinn was injured and rendered unconscious for several days.

Plaintiff immediately notified the insurance company of the accident and in due course of time its adjuster came to Poplar Bluff who talked with plaintiff concerning the accident. The evidence shows that plaintiff informed the adjuster of all the facts and circumstances and told him he was not to blame for the collision.

Quinn in the meantime was asserting a claim against plaintiff and threatening to sue him for $5,000.

After some negotiations and talk with both parties it is admitted that the plaintiff told the adjuster for the insurance company that he was in no way liable or responsible for the damage to Quinn or his car. Nevertheless the adjuster for the insurance company made a settlement with Quinn in the terms of which the plaintiff was not consulted, by which Quinn was paid $200

in full satisfaction of any claim he might have against Burnham growing out of the collision. A receipt or release was signed by Quinn in which it is stated that there is no admission of any liability on the part of Burnham. The release is as follows:

"For the sole consideration of the sum of two hundred and 00-100 Dollars ($200) lawful money of the United States to me in hand paid this 14th day of June, 1916, by Lon Burnham, I Paul Quinn, being of lawful age, hereby release, acquit, and forever discharge the said Lon Burnham, heirs, executors, and administrators from any and all actions, causes of action, claims and demands accrued and to accrue on account of any and all known and unknown injury, loss and damage whatsoever sustained by me on or about the 29th day of January, 1916.

"It is expressly understood and agreed that the acceptance of the said amount of $200 is in full accord and satisfaction of a disputed claim and that the payment of the said sum of $200 is not an admission of liability.

"In witness whereof, I have hereunto set my hand and seal this 14th day of June, 1916.

"PAUL QUINN (Seal)."

Burnham, the plaintiff herein, never saw this release and did not know of the fact that the settlement had been made until he was told so by the insurance company's agent after the settlement with Quinn had been made.

Burnham then instituted this suit and recovered judgment as stated, and the defense set up is that Burnham is barred from suing the defendants because of the settlement by the insurance company's adjuster above referred to.

A great number of cases are cited by appellants, holding that the doctrine of comparative negligence does not obtain in Missouri, and that accordingly from one negligent act only one right of action arises based upon the negligence, and that ignorance of the law is no excuse to either party, that voluntary compromise settle-

ments are favored by the law, that even if a release is invalid it is binding upon the parties until attacked in a proper manner and set aside, and that the act of an agent is binding on the principal, and many other well known doctrines of the law which we do not deem applicable to the case in hand.

The sole question, as we view it, to be determined, so far as determining liability is concerned, is whether under the facts the insurance company was acting as an agent for the plaintiff in the capacity of settling a damage claim he might have against the defendants.

The policy undertook to indemnify the assured against loss arising from claims upon the assured for damages on account of bodily injuries growing out of accidents occurring while the policy is in force and caused by reason of the ownership, maintenance or use of his automobile within certain limits; and further to indemnify against damages on account of injury to property, except the property of the assured, caused or alleged to have been caused as the result of an accident. The insurance company contracted to investigate all accidents covered by the policy, to negotiate for the settlement of claims made on account of such accidents, and to defend suits even if groundless brought on account of such accidents, unless or until the company elect to effect settlement thereof. The company further agreed to pay all expense for investigations and negotiations and all costs and any judgment and interest thereon rendered in connection therewith. The contract provided that the assured should not voluntarily assume any liability nor interfere with any negotiations for settlement nor in any legal proceedings, but shall, when requested, aid in securing information and evidence. As we understand such a contract it is one where, being properly notified of an accident or damage covered by the policy the insurance company agrees to step into the assured's shoes so far as handling the claim or effecting settlement or defending suits is concerned, and that attitude that it requires an assured to take when a claim is made against him is rather one of an agent to the company than a principal for whom the

company is acting. Besides, the contract is to handle only such business as is brought against the assured and none of the provisions of the policy can be construed as giving the insurance company power to settle any claims which the assured may have against some third party.

It is very true that in Missouri where an injury is caused by negligence for which anyone would be liable, the liability is placed against the party whose negligence is found to be the proximate cause of the injury. Appellants contend that by the mere fact of the insurance company settling with Quinn in order to avoid a law suit would be determined whose negligence was the proximate cause of the damage—that the mere fact of settlement although the assured had no hand in it would be *res judicata* of that question, or rather would determine the liability so far as the assured is concerned. To this contention we cannot lend our assent. It is a well known principle of the law of agency that for the principal to be bound by the act of an agent the agent must have acted with either the express or implied authority of his principal, and that if the agent was acting entirely outside his principal's business and for some purpose of his own, it is not the act of the principal unless he adopts it. [2 Mechem on Agency (2 Ed.), secs. 1719, 1720.] Therefore in this case if it be conceded that the insurance company was acting as an agent for the plaintiff it only had authority to act for plaintiff in settling claims brought against him and there is no express or implied authority under its contract authorizing it to settle actions sounding in tort for which the assured claimed damages against third parties. Under the evidence the trial court was thoroughly justified in finding that Burnham was telling the insurance company that covered any liability so far as he was concerned that he had not been negligent and that Quinn's negligence was the cause of the accident, and further finding that the settlement was made by the company's adjuster to relieve the company of the possibility of paying a judgment which Quinn might secure against Burnham for which it would be liable.

Its contract provided that it would take care of claims whether meritorious or fictitious, and it claimed to have the right and exercised it of paying Quinn $200 although the receipt or release expressly provided that the payment of the money was not an admission of liability. We therefore hold that the settlement made between Quinn and the insurance company—which under the evidence Burnham had no hand in, being in fact forbidden by his contract to interfere with negotiation for settlement of claims—cannot bind him and estop him from asserting a claim for damages to his property, where the collision, as shown by the record before us, was clearly caused by Quinn's negligent act to which the plaintiff's act in no way contributed.

It is next contended that the court erred in rendering judgment for plaintiff in any sum since the sole charge of negligence was based on the violation of city ordinances which were not in evidence. We have heretofore set forth a summary of the charge in the petition, and under the rule that after verdict it must be construed most favorably to uphold the verdict and judgment we overrule the contention. The petition, as we read it, not only contains a charge of negligent violation of city ordinances but a charge of common law negligence as well. If the petition was not sufficiently definite appellants should have taken advantage of it by motion before trial.

It is contended that the court erred in finding damages for $100 and that the measure of plaintiff's damage, if any, was the reasonable cost of repairs plus the difference in the marked value of the automobile before the accident and after the repair, and that there was no testimony as to the reasonableness of the repair bill and no evidence as to an impaired market value. On turning to the record we find that the only evidence with reference to the extent and money value of the damage went in without objection on the part of defendants and is as follows: "My car was damaged; the bumper was broken and some of the springs and axles were knocked out of shape. I had the car repaired and the bill was $56.60. The

car has never been in as good shape since it was repaired. In my opinion the car was damaged altogether, including the amount of the repair, not less than $100. The axle was not broken, but was bent up. I have driven the car a long time, both prior to and subsequent to the accident, and it does not run as well as it did before.'' In the absence of an objection to this testimony and in the absence of any proof or attempted proof on the part of defendants to the contrary the judgment is sufficiently sustained in this respect.

For the reasons herein appearing the judgment is affirmed. *Cox, P. J.,* and *Sturgis, J.,* concur.