# CHARLESTON.

### Ernest McCoy *v.* Arch Price.

### Submitted April 18, 1922.      Decided April 25, 1922.

1. Judgment—*Pleading—Verdict for Plaintiff set Aside for Want of Issue on Special Plea.*

    In an action for assault and battery where defendant files a plea of not guilty and issue is joined thereon, and also files a special plea of son assault demesne, to which there is no reply or traverse, a verdict in favor of plaintiff will be set aside because of want of issue on the special plea.      (p. 11)

2.  ASSAULT AND BATTERY—*Jury May Allow Exemplary Damages for Malicious, Wanton, or Reckless Acts.*

A correct rule for allowance of exemplary damages is that if the jury determine that the acts complained of are malicious or wanton and in reckless disregard of plaintiff's rights, they may allow exemplary demages for such an amount as taken together with the actual damages sustained will be sufficient to punish the defendant and deter others from committing like offenses.    (p. 12).

Error to Circuit Court, Calhoun County.

Action by Ernest McCoy against Arch Price. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Thos. P. Ryan* and *Geo. F. Cunningham,* for plaintiff in error.

MEREDITH, JUDGE:

Plaintiff recovered judgment for $450 in an action for assault and battery.    Defendant alleges three grounds of error which we will consider in order.

First:    To the declaration alleging that defendant assaulted, beat, kicked, wounded and permanently injured the plaintiff, the defendant filed his plea of not guilty on which issue was joined, and also filed his special plea of son assault demesne or self-defense, which special plea was not replied to nor traversed. Plaintiff objected to the filing of the special plea, but if its averments were true the defendant had a good defense, and therefore it is a good plea.    He could not under his plea of not guilty introduce evidence tending to show justification for the assault.    While the pleas of the general issue and self-defense are inconsistent, yet the defendant had the right to file both.    By plaintiff's failure to traverse or reply to the special plea he admitted that what was stated in it was true.    There was nothing left to be tried; but the court proceeded to try the case in the face of this admission.    A verdict for plaintiff under such circumstances can not stand.    *Shires* v. *Boggess,* 68 W. Va.

137, 69 S. E. 466; *Kinder* v. *Boomer Coal & Coke Co.,* 82 W. Va. 32, 95 S. E. 580.

Second: Defendant complains that one of the jury commissioners improperly influenced some of the twenty members comprising the jury panel from which the jury was selected to try the case, but as this will not likely occur again we need make no comment on this point.

Third: Objection is made to instruction No. 3 given for plaintiff, which told the jury that if malice has been shown, it may, in its discretion, allow the plaintiff additional, exemplary or vindictive damages in any amount proper or necessary to restrain the defendant and others from the commission of like acts in the future, not to exceed $5000, the amount sued for. This is incorrect. "The correct rule for the allowance of exemplary damages is that if the jury determine that the acts complained of are malicious or wanton and in reckless disregard of plaintiff's rights, they may allow exemplary damages for such amount as *taken together with the actual damages* will be sufficient to punish the defendant and deter others from committing like offenses." *Goodman* v. *Klein,* 87 W. Va. 292, 104 S. E. 726; *Claiborne* v. *Railway Co.,* 46 W. Va. 363, 33 S. E. 262; *Allen* v. *Lopinsky,* 81 W. Va. 13, 94 S. E. 369; *Fisher* v. *Fisher,* 89 W. Va. 199, 108 S. E. 872; *Hess* v. *Marinari,* 81 W. Va. 500, 94 S. E. 968; *Pendleton* v. *Railway Co.,* 82 W. Va. 270, 95 S. E. 941; and *Swiger* v. *Runnion,* 90 W. Va. 322. This instruction ignores consideration of the actual damages altogether. It is therefore erroneous.

For the foregoing reasons the judgment will be reversed, the verdict set aside, and defendant awarded a new trial.

*Reversed and remanded.*