## N. H. Last, Appellee, v. William A. Brams, Appellant.
## Gen. No. 29,910.

1. ACCORD AND SATISFACTION—*settlement of damage claim by liability insurer as accord and satisfaction.* Where the defendant, in an action to recover for damages to plaintiff's automobile in a collision with defendant's car, sent a statement of his own damage to plaintiff, which the latter forwarded to an insurance company with which he carried liability insurance, and that company paid the bill and took defendant's written release against plaintiff, such settlement did not operate as an accord and satisfaction between the parties.

2. RELEASES—*admissibility of release of damage in action against releasing party.* In an action for damages arising out of an automobile collision in which both vehicles were damaged, a release given by defendant to the insurance carrier of plaintiff's liability on account of damage resulting from the collision was properly excluded where it did not purport to settle any claims of plaintiff against defendant but on its face was limited to defendant's claims against plaintiff.

3. EVIDENCE—*insurer as agent of insured to make admission in settling liability claim with third party.* Where the defendant, in an action to recover for damages to plaintiff's automobile in a collision with defendant's car, sent a statement of his own damages to plaintiff, which the latter forwarded to an insurance company with which he carried liability insurance, and that company paid the bill and took defendant's written release against plaintiff, the transaction was not in effect an admission of plaintiff's negligence and of his liability for the accident by his agent, there being nothing in the evidence to show that the insurance company was plaintiff's agent, or that plaintiff ever sanctioned or ratified the act of that company in paying the money to defendant and taking his release.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JAMES W. GORDON, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Affirmed. Opinion filed July 14, 1925. Rehearing denied July 23, 1925.

MAX F. ALLABEN, for appellant; GEORGE W. LENNON, of counsel.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action in tort to recover damages to plaintiff's automobile occasioned by its collision with defendant's automobile on December 30, 1923, at the intersection of Fullerton and Kimball avenues, Chicago, the court found defendant guilty and assessed plaintiff's damages at the sum of $88.25, and entered judgment on the finding against defendant. This appeal followed. Plaintiff has not filed any brief and argument in this Appellate Court.

Plaintiff was driving his car east on Fullerton avenue and, as he was making a turn to the north onto Kimball avenue, defendant's car, approaching from the east on the north side of Fullerton avenue, collided with plaintiff's car, causing damage to both cars. Each of the parties claimed that the other's negligence was the cause of the accident. Defendant presented to plaintiff a written claim for $43.65 for the damage to defendant's car occasioned by the collision, and plaintiff forwarded the claim to an insurance company with which he carried liability insurance. On February 2, 1924, the insurance company, by virtue of plaintiff's insurance policy, settled defendant's said claim by paying him $43.65, and taking his written release. On April 28, 1924, plaintiff commenced the present action.

On the trial, defendant offered in evidence the said release but the court refused to admit it. By its terms defendant, in consideration of $43.65 paid to him, did "release and forever discharge" plaintiff, "of and from all claims and demands of every kind and nature  *  *  *  and particularly on account of any claims for personal injuries or damage to property arising from an accident which occurred on or about December 30, 1923, at the intersection of Fullerton and Kimball avenues, Chicago, Cook County, Ill-

inois, caused by collision of motor cars of the said William A. Brams and H. N. Last.''

Defendant's counsel do not contend here that the finding and judgment are against the weight of the evidence on the questions either that defendant was guilty of negligence or plaintiff of contributory negligence, but the point is made that the judgment should be reversed because ''the settling of *defendant's* claim was an accord and satisfaction between the parties and operated as a discharge of *plaintiff's* claim.'' We do not think that the point is well taken or that the trial court erred in refusing to admit the release in evidence, and for the reason that the release on its face does not purport to settle any claims which the plaintiff had against defendant, but only such as defendant had against plaintiff. Defendant's counsel further contend that, when the insurance company paid said sum to defendant and took the release from him, it was acting as plaintiff's agent in the transaction, and that the transaction was in effect an admission of plaintiff's negligence at the time of the accident and of his liability therefor. We cannot agree. There is nothing in the evidence tending to show that the insurance company was acting as plaintiff's agent in said transaction. It only appears that the insurance company, for reasons not disclosed, decided on its own account to pay defendant's claim and take his release. The policy was not introduced in evidence, and it does not appear that the insurance company had any authority, express or implied, from plaintiff to settle or compromise plaintiff's claim against defendant, or that plaintiff ever sanctioned or ratified the act of the insurance company in paying said sum to defendant and taking his release. (See *Burnham v. Williams*, 198 Mo. App. 18, 25.)

The judgment of the municipal court is affirmed.

*Affirmed.*

BARNES, P. J., and FITCH, J., concur.