# CHARLESTON.

BERTIE BAILEY *v.* FIREMEN'S INSURANCE COMPANY

(No. 6513)

Submitted October 23, 1929.  Decided October 29, 1929.
(Rehearing denied December 4, 1929.)

*B. T. Clayton,* for plaintiff in error.

*Steptoe & Johnson* and *James M. Guiher* and *William J. Maier, Jr.,* for defendant in error.

HATCHER, JUDGE:

The plaintiff, Bertie Bailey, owned property upon which her husband, R. H. Bailey, secured a fire insurance policy in his own name. Loss by fire occurred in April, 1926. She brought this action in February, 1928, to recover on that policy. A verdict in her favor was set aside by the trial court and judgment entered for defendant *non obstante veredicto.*

Among the defenses are (1) failure to bring the suit within the period permitted by the policy, and (2) *res judicata.* The period prescribed by the policy, within which litigation could be commenced, was the fourteen months following the fire. The plea of *res judicata* is based on a suit brought on the policy for this loss by R. H. Bailey in 1926. On June 1, 1927, the following order was entered in his suit:

> "This day came the plaintiff in person and by B. T. Clayton, his attorney, and came also the defendant, by Steptoe, Maxwell & Johnson, its attorneys; and thereupon the plaintiff admitted at the bar of the court that the legal and equitable title to, and the fee simple ownership of, the insured buildings and the land on which the same stood, were vested in the plaintiff's wife, BIRDIE BAILEY, and not in the plaintiff, at the time the fire insurance policy in question was issued, and also at the time of the fire, without the knowledge or consent of the defendant or its agent. And the issues in this action having been, by consent and agreement, submitted by the parties to the Court, and both parties waiving a trial by jury, the court is of the opinion that the plaintiff is not entitled to recover in this action, and now renders judgment accordingly.

> It is therefore considered by the court that the plaintiff, R. H. Bailey, take nothing in this action, and it is further ordered, by agreement of the parties, that each party do pay his own costs. And to the action and ruling of the court in thus rendering final judgment for the defendant, the plaintiff took no exception."

Plaintiff takes the postion that R. H. Bailey was acting as her agent both in producing the policy and in bringing the former suit; that the present action is the successor of his suit; and that since his suit was brought within the time permitted by the policy, the present action is not subject to the time limitation. She relies on *Siever* v. *Throwing Co.*, 101 W. Va. 457. In that case a timely action, dismissed on a technicality, was held to protect a subsequent suit from the statute of limitations. But in avoiding the bar against delayed action, she is confronted with that of former adjudication. In the *Siever* case it was expressly found that the rights of the parties had not been adjudicated in the former action. (See p. 464.) Counsel for plaintiff represented R. H. Bailey in his suit, and now asserts that the order in the former case was understood by him to be only a technical dismissal. But the order must be taken as it is, and cannot be impeached in this suit. Black on Judgments, sec. 245; *Stewart* v. *Senter*, 88 W. Va. 124, 129. He then contends that as the order contains no recital of witnesses sworn, evidence taken, etc., the case was not tried on its merits. That contention overlooks the quality of a judicial admission. A judicial admission is the highest type of evidence. 22 C. J., p. 329, sec. 370; 1 A. & E. Ency. Law, p. 723; 1 Ency. of Evidence, p. 613; Jones Comm. on Ev. (2nd Ed.) sec. 1072. The oral statement of R. H. Bailey at the bar of the court was a judicial admission. *Jones, supra*, sec. 894; 22 C. J., p. 330, sec. 371. That admission went to the right of R. H. to recover. The case was submitted to the court for decision on the admission, and the court had jurisdiction to dispose of the case thereon. It did so, not by a mere dismissal, but by an order of *nil capiat*—that R. H. "take nothing". That order finally disposed of the case. It bars R. H. from bringing another action

on the policy. If he was conducting the litigation as agent, the *nil capiat* likewise bars his principal. 34 C. J., p. 1023, sec. 1448; 15 R. C. L., p. 1026, sec. 501; 23 Stand. Ency. Procedure, p. 82. If the order was wrong, it should have been corrected either by direct attack or upon appeal. But it has not been modified or vacated and stands as a complete bar to subsequent litigation on the policy, whether by agent or principal. "A judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, however erroneous it may be, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose, and is not amenable to collateral attack." *Wheeler* v. *Thomas,* 116 Va. 259. *C. & C. Ry. Co.* v. *McDonald,* 65 W. Va. 201.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*