**ROSS, Plaintiff-Appellee, v. STRICKER, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7045.   Decided April 4, 1949.

Doyle, Tomlin & Doyle, Cincinnati, for plaintiff-appellee.
C. R. Beirne, Cincinnati, for defendant-appellant.

## OPINION

By MATTHEWS, J.:

This action arose as the result of a collision between two automobiles one of which was operated by the plaintiff and the other by the defendant. The plaintiff claimed damages on account of personal injuries. The defendant, by cross-petition, asked for compensation on account, of personal injuries and for the damage to his automobile. As the result of a trial, a jury found for the plaintiff on all issues and assessed his damages at $5000.00. Judgment was entered on this verdict, to which the defendant excepted. Within the time allowed by law, the defendant filed a motion for a new trial. On consideration of this motion, as shown by the journal entry, the court gave the plaintiff the alternative of accepting a remittitur of $1100.00 from the verdict within three days, or of having the court grant a new trial, to which the defendant excepted. The plaintiff immediately accepted

the remittitur, and thereupon the court overruled the motion for a new trial and entered judgment for the plaintiff for $3900.00. It is from that judgment that this appeal was taken. At the outset, the plaintiff-appellee claims that the defendant-appellant is precluded from questioning the validity of this judgment, by reason of the circumstances under which it was rendered and its satisfaction as shown by the record. That contention requires first consideration.

The journal shows that on the same day that the judgment was entered, there was spread upon the journal a recital, as follows:

"Fred Stricker, defendant herein having thru the Auto-Owners Insurance Company of Lansing, Michigan, paid to the Clerk of Courts of this Honorable Court, the sum of Thirty-Nine Hundred ($3900.00) Dollars and costs, in full satisfaction of the judgment rendered herein, said Clerk is hereby authorized and directed to pay over to the said M. Richard Doyle, resident guardian of the Estate of Gerald Ross, a minor, said sum of Thirty-nine Hundred ($3900.00) Dollars."

Later, a motion was made to correct the recitals of this entry, stating or implying that the defendant had paid or participated in this settlement of the plaintiff's judgment. That the court had jurisdiction to correct the entry of satisfaction upon this motion is not questioned. **23 O. Jur., 1353. Kipp v. Bowman, 20 Abs, 698, at 702.** Upon a hearing of this motion, the court found that the defendant did not consent to the entry of satisfaction and, therefore, set the entry aside and made an order in accordance with the facts as found by it as follows:

"It is further ordered that the judgment heretofore rendered herein in the amount of Three Thousand Nine Hundred and 00/100 ($3,900.00) Dollars and court costs having been fully paid and satisfied by the Auto-Owners Insurance Company of Lansing, Michigan, as the Liability insurer of the defendant, Fred Stricker, by virtue of the right of said insurance company to pay said judgment under the terms of its insurance contract with the said Fred Stricker, satisfaction may be entered of record."

The plaintiff excepted to this order but no appeal therefrom was taken by either party. However, the evidence introduced on the hearing of this motion is before the court in a bill of exceptions presented by defendant. The bill contains

ample evidence to support the ruling of the court on this motion to correct the recital of satisfaction so as to exclude the implication that the defendant's claim against the plaintiff was included in the settlement.

In the light of the evidence it is clear that the attorney of record had no express authority or direction to settle the defendant's claim or intention so to do, but, on the contrary, was instructed by defendant to appeal any adverse judgment. And the evidence shows that counsel for plaintiff knew of that limitation upon the authority of defendant's counsel of record and of his intention not to exceed it, and he also knew that the settlement of the plaintiff's claim was being made by Auto-Owners Insurance Company that had issued to defendant a policy of indemnity against liability under certain circumstances and to a limited extent which authorized it to settle the plaintiff's claim without the defendant's consent. By the terms of the policy, Auto-Owners Insurance Company was obliged to defend this action and the defendant agreed to cooperate in its defense which clearly included authority to attorneys selected by Auto-Owners Insurance Company to appear and defend for and on behalf of the defendant. However, this authority was not coupled with any interest and was revocable at defendant's discretion. If he had chosen to do so, he could have refused to authorize Auto-Owners Insurance Company and its attorney to represent him and defend the action, and having given authority could have withdrawn the authority and discharged the attorney at any time. It is true that by so doing, he would have violated a condition of the policy and forfeited his right of indemnity, but that presents no limitation upon his power to withhold or withdraw authority. **Luntz v. Stern, 135 Oh St, 225.** And where the amount claimed by the plaintiff exceeds the amount of the policy the insured may protect himself against that liability notwithstanding the policy gives the insurer the exclusive right to defend without interference, and by so doing the insured does not forfeit his right to indemnity to the limit of the policy. Traders & Gen. Ins. Co. v. Rudco Oil & Gas Co., 129 Fed. (2d) 621, 142 A. L. R. 799.

The case at bar differs from that of Long v. Union Indemnity Co., (Mass.) 79 A. L. R., 1116, in that in that case the Court was considering the effect of an authority already exercised which was brought in question in an independent action by the insured against the third person with whom the insurer had effected a settlement. The insured having consented or acquiesced in that settlement was, of course, bound by it and could not, as the court held thereafter, maintain an action against the third person.

We think it clear also that where the insured permits the insurer to defend, its obligation requires it to exercise good faith and due care and skill, and certainly would not authorize a settlement to insured's prejudice where no liability existed. Anderson v. Southern Surety Co., 71 A. L. R., 761, and Attleboro Mfg. Co. v. Frankford M. Acci. & P. G. Ins. Co., 240 Fed. 573.

The record in this case shows that the parties recognized that the authority of Auto-Owners Insurance Company was not unlimited. The defendant asserted that he was under no liability to the plaintiff and to the contrary that the entire liability rested upon the plaintiff and refused to authorize a settlement that would in any way affect his right to assert his action against the plaintiff; and the plaintiff knew of this position of defendant, and he and Auto-Owners Insurance Company limited the settlement in such a way as to release Auto-Owners Indemnity Company alone. The defendant was not a party to that settlement and while it prevents the plaintiff from asserting any further action against the defendant, it had no effect upon the defendant's cross-action against the plaintiff or upon the plaintiff alleging in his answer and proving at any subsequent trial the facts set forth in his petition.

We conclude that the trial court did not err in setting aside the entry of satisfaction and that the record does not show a settlement or satisfaction of the defendant's cause of action, that his cross-action has not become moot and that the settlement by Auto-Owners Insurance Company of the plaintiff's cause of action is no bar to the prosecution of this appeal by the defendant. We, therefore, turn to a consideration of the record to determine whether any substantial error to defendant's prejudice intervened in the trial of the issues raised by defendant's cross-petition and the plaintiff's answer thereto.

(1) The automobiles that collided were being operated at the times by the plaintiff and defendant in opposite directions on Vine Street, a public thoroughfare constituting the dividing line between the City of Cincinnati and an unincorporated portion of Hamilton County, Ohio. One of the charges of negligence made by plaintiff against the defendant was:—

"In driving defendant vehicle to the left of the center line while overtaking and passing traffic proceeding in the same direction as was defendant and at a time when the left side-

of the roadway was not clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completed without interfering with the safe operation of plaintiff vehicle approaching from the opposite direction."

Among other charges of negligence made by defendant in his cross-petition against the plaintiff was:—

"In operating said Pontiac automobile to his left of the center line of Vine Street, contrary to the provisions of the State Statute then in full force and effect."

Each pleader alleged various details to serve as a predicate for the conclusion, which each alleged, that is, that operating a vehicle to the left of the center was negligence, but the act which each alleged against the other as having been done negligently was operating his automobile to the left of the center of the street respectively. The other acts which were alleged to have been negligently done, it is not necessary to consider.

The only real difference between the counter-charges made by the parties in their pleading is that the plaintiff negatived a possible justification for going to the left of the center, that is, in overtaking and passing traffic proceeding in the same direction. The general rule imposed by §6307-25 GC, is that vehicles shall be driven upon the right side of the road. There are exceptions stated in that section, one of which permits a driver to cross to the left side when overtaking and passing another vehicle proceeding in the same direction, and §6307-29 GC, limits that right by providing that it shall not be done unless such left side is clearly visible and free of oncoming traffic for a sufficient distance to permit the overtaking and passing without interfering with the oncoming traffic. The plaintiff alleged that the defendant was negligent in operating his automobile on the left side of the street and then in anticipation of defendant's assumed attempt to justify by the claim that he was engaged in overtaking and passing a vehicle going in the same direction, pleaded the non-existence of the facts that would justify him in so doing.

The evidence shows that there was a third automobile in the vicinity. The defendant had passed it, and it was so close that after the collision between the plaintiff and defendant's automobiles, it struck the defendant's automobile before the driver, according to his testimony, was able to

stop it, although he was going only 20 miles per hour, but he estimated that the defendant's automobile could have been anywhere from twenty to fifty feet in front of his automobile. The impression is created that the passing and the collisions occurred in a very short space of time, so short that he "saw this condition, it occurred and I was on my brakes." The collision between his automobile and that of the defendant was "not too hard because I had almost stopped." When the automobiles came to rest, the plaintiff's automobile was on his right side of the street and the front of the defendant's automobile was also on that side. Whose automobile was on the wrong side of the street before and at the time of the collision, and whether the intervention of the third automobile had anything to do with the final resting place of the parties was in dispute and dependent upon what inferences were drawn from many circumstances.

The plaintiff requested and the court gave the following special charge:—

"1 charge you as a proposition of law the law of Ohio provides that violation of a statute passed for the protection of the public is negligence in and of itself. **Sec. 6307-29 GC** is a statute passed for the protection of the public. Such §6307-29 GC provides as follows: '(Driving to left of center line.) No vehicle or trackless trolley shall be driven to the left of the center or center line of the roadway in overtaking and passing traffic proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction or any traffic overtaken.'

"If you find therefore from a preponderance of the evidence that Fred Stricker, the defendant in this case, drove to the left of the center line of Vine Street in overtaking and passing traffic proceeding in the same direction at a time when such left side of Vine Street was not clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any traffic approaching from the opposite direction, Fred Stricker, the defendant, was negligent, and if you further find by a preponderance of the evidence that such negligence, if any, was the proximate cause of the collision between the vehicle operated by the plaintiff, Jerry Ross, and the defendant Stricker's vehicle,

and if you further find from a preponderance of the evidence that Jerry Ross was free of any negligence, your verdict on the petition must be for Jerry Ross, and your verdict on the defendant Stricker's cross-petition must also be for Jerry Ross."

The defendant excepted to the giving of this special charge, and the giving of it is assigned as error.

The defendant requested and the court gave this special charge:—

"I charge you that §6307-25 GC, which section was in full force and effect at the time of the happening sued upon in this case, is as follows: 'Sec. 6307-25 GC Vehicles Shall be Driven on Right Side of Roadway; Exception. Upon all roadways of sufficient width a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows: 1. When overtaking and passing another vehicle proceeding in the same direction or when making a left turn under the rules governing such movements; 2. When the right half of a roadway is closed to traffic; 3. Upon a roadway divided into three or more marked lanes for traffic under the rules applicable thereon; 4. Upon a roadway designated and sign posted for one way traffic; or 5. When otherwise directed by a police officer or traffic control device.'

"I further charge you that if you find by preponderance of the evidence in this case that the plaintiff, Gerald Ross, was driving a Pontiac automobile in a northerly direction on Vine Street at the time and place of the happening sued upon in this case and that the east side (his right-hand side) of Vine Street was of sufficient width upon which to drive said Pontiac automobile but that the plaintiff, Gerald Ross, drove said Pontiac automobile over and upon and across to his left side (the west side) of Vine Street and without coming within exceptions set forth in the foregoing section of the General Code; and if you further find by a preponderance of the evidence that the defendant, Fred Stricker, was traveling in a southerly direction on the west side (his right-hand side) of Vine Street and was not at fault or negligent and you further find that the negligence of the plaintiff, Gerald Ross, was the direct or proximate cause of the collision between the vehicles, then your verdict on the petition must be for the defendant, Fred Stricker, and your verdict on the Cross-Petition must be for the defendant, Fred Stricker."

And the court in its general charge stated the issue between the parties as follows: "so that the inquiry you are to make in this case is which of these vehicles crossed the left or to his left to the center line of the street."

It will be observed that the defendant based his special charge upon §6307-25 GC, requiring vehicles to be driven on the right side of the road with, however, certain exceptions, one of which was "when overtaking and passing another vehicle proceeding in the same direction" * * * "under the rules governing such movevments." It will also be noted that the defendant's special charge referred to the exception without stating the rules under which it would apply. It will further be noted that the plaintiff's special charge fills the void in defendant's special charge by setting forth the rules governing the passing of a vehicle going in the same direction. For that reason alone, we believe the plaintiff's special charge was relevant and proper.

Counsel for defendant relies on **Northern Ohio Ry. Co. v. Rigby, 69 Oh St, 184,** but that case involved a charge that was refused and the question was whether it contained a correct statement of the facts and the law, and the court held that it was erroneous, in that there was an assumption of the truth of an allegation of fact which was in dispute, and that, therefore, the court properly refused to give it. And the rule in **39 O. Jur., 938 (Sec. 259)** relied on, states the general rule that there must be some basis in the evidence to support a hypothetical statement in a charge.

We are considering a special charge here in which the hypothesis is, in our judgment, supported by some evidence, which distinquishes it, and, furthermore, we are not considering a charge which was refused, but one which was given, and which raises an entirely different question and that is, whether substantial error has intervened to the prejudice of the appellant. If prejudicial error is not found, the judgment will not be disturbed, notwithstanding the giving of an erroneous or inapplicable charge. **2 O. Jur., 947, 951, 952, and 956.**

Both because there was evidence to support the hypothesis contained in the charge and also because the charge in any event could not have been prejudicial, we hold that the giving of this charge furnishes no grounds for the reversal of this judgment.

(3) It is urged that the court erred in admitting opinion evidence of the place of the collision, based solely upon an

inspection of photographs of the automobile taken immediately after the collision and where they had come to rest after the collision. These photographs were taken by officials of the Police Department of the City of Cincinnati. The plaintiff placed J. Stannard Baker on the stand in rebuttal. In response to questions, he testified that he held a degree of mechanical engineer from University of Wisconsin, that he was Director of Research of Northwestern University Traffic Institute; that various members of the Cincinnati Police Department had attended that Institute; that he had been engaged in traffic work since 1928; that he was the author of many monologues and articles published in various technical publications; that he had investigated traffic accidents and examined more than 600 photographs portraying such accidents and that he had testified as an expert on traffic problems approximately 20 times. There is no doubt that the recital of his experience in the field of traffic accidents and their causes was impressive. After being thus qualified, he was shown these photographs, taken by the Cincinnati Police Officers, and was permitted to give testimony based solely on his inspection of these photographs. He was asked whether he had an opinion as to where these two automobiles came into collision and what that opinion was. In answer he said: "It was right over that debris." He had previously testified, over objection, that a collision caused the collection of road oil, dry dust and mud from the underside of the automobiles. The implication from this testimony was that the original collision of these automobiles was on the plaintiff's side of the street and, therefore, that the defendant was violating the traffic rules at the time.

As already mentioned, in considering the applicability of the special charge, there was a third automobile involved and that almost simultaneous with the collision of the plaintiff's and defendant's automobiles, it struck the rear of defendant's automobile. This fact did not appear in the photographs and the witness' attention was not called to it. Certainly, that was a relevant fact which might have affected his conclusion or opinion.

The trial court correctly stated that the inquiry was as to which of these vehicles crossed to the left of the street. In other words, that was the issue because under the circumstances existing the driver of that vehicle would be negligent.

The witness Baker was permitted to testify to his conclusions or opinions as to that exact issue and that from an inspection of the photographs and nothing else.

Of course, the general rule is that the testimony of witnesses must be confined to statements of facts within their own observation, knowledge, and recollection, as distinguished from mere opinions. **17 O. Jur., 412 (Sec. 323.)** But there are exceptions, "for example, expert witnesses who have skill, learning or experience in a particular science, art, or trade may give an opinion in a proper case upon a given state of facts relating thereto. And though some expressions are to be found in the cases indicating that opinions of skilled witnesses or experts represent the one instance in which the general rule excluding opinion evidence has been departed from, it is not true as a legal proposition that no one but an expert can give an opinion to a jury. Another well-established exception to the opinion evidence rule is that in matters more within the common observation and experience of men, nonexperts may, in cases where it is not practicable to place before the jury all the primary facts upon which they are founded, state their opinions formed from such facts, where such opinions involve conclusions material to the subject of the inquiry."

As Baker had not and could not testify to any observed data relevant to the issue in this case, his testimony cannot be supported as the opinion of a non-expert, based upon his observation. Indeed it was as an expert that he was presented to the jury. And assuming that it was the proper subject of expert testimony, we believe his testimony was inadmissible because it was not based on all proven relevant data, as already pointed out, and also because the testimony purported to decide the identical issue that the law commits to the decision of the jury. Upon this latter ground it is said in **Fowler v. Delaplain, 79 Oh St, 279**, that: "A question to a witness which calls for his opinion on the precise issue of fact which the jury is sworn to determine from the evidence is incompetent." Authorities could be multiplied, but we deem the rule incontrovertible.

We are fully conscious that a wide discretion is lodged in the court as to the admission of opinion evidence and that judgments will not and should not be reversed because of the admission of such testimony, unless the court is convinced that the error was prejudicial. In this case we are so convinced. Our conviction springs from the state of the evidence. There were only three persons present at the time of this collision— the plaintiff, the defendant, and the driver of the third automobile. The plaintiff was 18 years old, had drunk several

glasses of beer shortly before this collision which took place at about one o'clock in the morning. He testified that he was driving near the center of the street, but on his right side, when he saw an automobile coming toward him, that the collision took place at once, he was rendered unconscious and did not regain consciousness until the next day. His cross-examination leads to doubt as to whether he saw the approaching automobile on his side on the road and to conclude that all he saw was an automobile approaching on his left and the light from that automobile.

The defendant was evidently an adult, as he had been employed as production manager of a division of Sperti Corporation since July, 1943. He had taken the lady, whom he subsequently married, to a show, and then took the lady to her home, and then went alone to a restaurant where he had drunk a bottle of beer. This restaurant was near the place of the accident. He left the restaurant about one o'clock and proceeded southwardly on Vine Street. He had passed an automobile driven by one Sigmund just before the collision. took place.

The other witness who testified from observation on the scene at the time was Sigmund. He testified unequivocally that the defendant was on his right side of the street and that the plaintiff passed over to his left side, where all three automobiles were at the time of the collision and that the force of the collision threw the defendant's automobile into his path, causing his automobile to strike the rear of the defendant's automobile.

A verdict for the plaintiff on this testimony could be challenged, with reason, as contrary to the manifest weight of the evidence. And that is all the evidence supporting this verdict excepting the circumstance that after the two collisions the defendant's automobile was astride the center line of the street, the front being about 4 feet on his left side. We point this out to show the probable weight of the opinion testimony of Baker as to the place of the collision between the plaintiff's and defendant's automobile. It might well have tipped the scale in plaintiff's favor.

Counsel for appellee urges that the appellant did not object to this opinion, and that he withdrew his objection and that he waived it. We do not think that is a correct interpretation of the record. The appellant having stated his objection at the inception, it was not necessary for him to repeat it at every step. And the court having ruled, no waiver resulted from cross-examination of the witness or of later offering evidence in conformity to the ruling.

Because of the unusual developments of this case in the trial court, resulting from the efforts of Auto-Owners Insurance Company to settle its liability, the trial judge as shown by his affidavit was not given an opportunity to pass upon the errors assigned for a new trial. While this affidavit of the trial judge cannot control the unvacated journal entry, inasmuch as the affidavit is in the record, we feel justified in calling attention to it as an added reason why substantial justice requires a reversal of this judgment and remanding the issues raised by the cross-petition and the answer thereto for a new trial, on the ground that the court erred in overruling the defendant's objection to the testimony of the witness Baker.

We find no other error in the record.

For these reasons, the judgment is reversed, and the cause remanded, as aforesaid.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.